JOSEPH H. HARRINGTON
United States Attorney
Eastern District of Washington
David M. Herzog
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAY 1 6 2018

SEAN F. McAVOY, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

                Plaintiff,

      v.

NORMAN STONE,

                Defendant.

**2:18-CR-78-RMP**

INDICTMENT

Vio:  18 U.S.C. § 2252A(a)(2)(A), (b)(1):
Distribution of Child Pornography
(Count 1)

18 U.S.C. § 2252A(a)(5)(B), (b)(2):
Possession of Child Pornography
(Count 2)

18 U.S.C. § 2253
Forfeiture Allegations

The Grand Jury Charges:

## COUNT 1

Beginning on or about May 15, 2017, and continuing through on or about

July 3, 2017, in the Eastern District of Washington and elsewhere, the Defendant,

NORMAN STONE, did knowingly distribute child pornography, as defined in 18

INDICTMENT – STONE – CHILD PORNOGRAPHY – 1

U.S.C. § 2256(8)(A), that had been mailed, shipped and transported in interstate commerce by any means, including by computer, to wit: images depicting minor and prepubescent children engaging in sexually explicit conduct, including but not limited to the lascivious exhibition of the genitals and pubic area, in violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1).

## COUNT 2

On or about August 3, 2017, in the Eastern District of Washington, the Defendant, NORMAN STONE, did knowingly possess material which contained one or more visual depictions of child pornography, as defined in 18 U.S.C. § 2256(8)(A), including images of prepubescent minors and minors who had not attained twelve years of age, the production of which involved the use of a minor engaging in sexually explicit conduct, and which visual depictions were of such conduct; that had been mailed, shipped and transported in interstate and foreign commerce, and which were produced using materials that had been mailed, shipped and transported in interstate or foreign commerce, by any means including computer, all in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2).

///

///

///

INDICTMENT – STONE – CHILD PORNOGRAPHY – 2

## NOTICE OF FORFEITURE ALLEGATIONS

1.     The allegations contained in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 2253.

2.     Pursuant to 18 U.S.C. § 2253, upon conviction of an offense in violation of 18 U.S.C § 2252A(a)(2), (b)(1), or 18 U.S.C. § 2252A(a)(5)(B), (b)(2), as alleged in this Indictment, the Defendant, NORMAN STONE, shall forfeit to the United States of America any visual depiction described in section 2252A of that chapter, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of this chapter; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and, any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses, or any property traceable to such property.  The property to be forfeited includes, but is not limited to:

> a.     250 gigabyte Western Digital Scorpio Blue internal computer hard drive, S/N: WXD1A91L5654 (made in Thailand);
>
> b.     1 terabyte Western Digital internal computer hard drive, S/N: WMC3F1148672 (made in Malaysia); and

INDICTMENT – STONE – CHILD PORNOGRAPHY – 3

c.    2 terabyte Samsung internal computer hard drive,

S/N: S34FJ90G805744 (made in China).

3.    If any of the property described above, as a result of any act or

omission of the Defendant:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third party;

c.    has been placed beyond the jurisdiction of the Court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be

divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property

pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b).

DATED this _15_ day of May, 2018.

A TRUE BILL

JOSEPH H. HARRINGTON
United States Attorney

David M. Herzog
Assistant United States Attorney

INDICTMENT – STONE – CHILD PORNOGRAPHY – 4