FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 25, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br> v.<br><br>NORMAN STONE,<br><br>    Defendant. | NO: 2:18-CR-078-RMP<br><br>PRETRIAL ORDER |

Defendant Norman Stone, who is in custody, was arraigned on May 22, 2018, before Magistrate Judge John T. Rodgers and is bound over to this Court for trial. This Order is entered to set forth deadlines, hearings, and requirements that the parties will observe in this matter. Accordingly, **IT IS HEREBY ORDERED**:

**1.** Trial is set for **July 23, 2018**, at **8:45 a.m.** commencing with a final pretrial conference at **8:30 a.m.** All hearings shall take place in **Spokane**, Washington.

**2.** A pretrial conference is set for **July 11, 2018**, at **11:30 a.m.**

PRETRIAL ORDER ~ 1

**3.** Counsel for defense shall notify Defendant of all hearings and ensure his attendance at court.

**4.** By **June 8, 2018**, counsel shall meet to discuss the scope and timeline for discovery disclosures and file a discovery status report within three days of the meeting.

**5.** Any pretrial motions, including all motions in limine, shall be filed and served on or before **June 19, 2018**; responses are due by **June 26, 2018**; and replies are due by **July 3, 2018**. Counsel shall note their pretrial motions to be heard at the pretrial conference on **July 11, 2018.**

**6.** Motions to Expedite, if any, shall be filed separately and noted for hearing two (2) days from the date of filing, after informing opposing counsel of such.

**7.** Trial briefs, requested voir dire, joint proposed jury instructions, and a **table of proposed Jury Instructions** shall be filed and served on or before **July 13, 2018**.

    (a) The joint proposed Jury Instructions should address only issues that are unique to this case and shall include instructions regarding the elements of each count, any necessary definitions, and a proposed verdict form.

    (b) The parties shall provide the Court electronically with the table of proposed, cited Jury Instructions. This table shall include:

        (i)    The instructions on which the parties agree;

        (ii)   The instructions that are disputed; and

PRETRIAL ORDER ~ 2

(iii)  The basis of any objection.

(iv)  The Jury Instruction Table shall be substantially in the following form:

| Proposed by | Instruction # | 9th Cir. Cite | Objection | Response to objection |
|---|---|---|---|---|
| | | | | |

(c)  In addition to the jury instruction table, each party shall address any objections that they have to instructions proposed by any other party in a memorandum on or before **July 13, 2018**.  The parties shall identify the specific portion of any proposed instruction to which they object, supported by legal authority that supports the objection.  Failure to file an objection to any instruction may be construed as consent to the adoption of an instruction proposed by another party.

**8.**  Exhibit lists and witness lists shall be filed on or before **July 16, 2018**. Plaintiff's trial exhibits, if any, are to be numbered 1 through 199; Defendant's exhibits, if any, are to be numbered 200 and following;

**9.**  The following procedures shall be utilized at trial:

(a)  The Court will conduct the majority of jury voir dire but allow counsel 15 minutes to ask additional questions or to do more in depth exploration of issues raised by the Court;

(b)  A total of 13 jurors will be selected.  Plaintiff shall have 6 peremptory challenges, Defendant shall have 10 peremptory challenges, and each party

PRETRIAL ORDER ~ 3

shall have one challenge for the alternate juror.  The challenges shall be exercised alternately;

(c)   Regular trial hours shall be from 8:45 a.m. to 12:00 noon, and 1:30 to 4:30 p.m.;

(d)   The jurors will be provided with notebooks for note-taking and a copy of preliminary instructions;

(e)   Documents published to the jury by counsel shall be collected at the conclusion of trial each day or following a witness's testimony regarding the published document;

(f)   A single photograph shall be taken of all witnesses following their testimony for use by the jury to correlate a witness with the testimony he or she provided.  The photographs shall be maintained in a three-ring binder by the Court.  The photograph will have the witness's name on it and the date of the witness's testimony.  The photographs will be provided to the jury to assist them during deliberations.  Following deliberations, the photographs will be destroyed by the Court and will not be a part of the record;

(g)   Examination of witnesses shall be limited to direct, cross, redirect and recross.  Fed. R. Evid. 611(a);

(h)   Counsel are encouraged to limit requests for sidebars by anticipating legal and evidentiary issues so that the issues may be addressed before trial begins each day, during the lunch hour, or after trial hours;

PRETRIAL ORDER ~ 4

(i) During trial, counsel are encouraged to exchange lists of the next day's witnesses and exhibits so that objections or legal issues may be anticipated and resolved outside the normal trial hours;

(j) Counsel shall have the next witness to be called to testify available outside the courtroom, to avoid delay; and

(k) An attorney's room for Plaintiff and for Defendant is available. Counsel may check out keys from the Deputy Clerk for use during days of trial.

**IT IS SO ORDERED**. The District Court Clerk is directed to file this Order and provide copies to counsel.

**DATED** this May 24, 2018.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

PRETRIAL ORDER ~ 5