FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 31, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>NORMAN STONE,<br><br>        Defendant. | NO: 2:18-CR-78-RMP<br><br>ORDER GRANTING MOTION FOR PROTECTIVE ORDER RE: COMPUTER FORENSIC REVIEW PROCEDURES FOR CHILD PORNOGRAPHY CONTRABAND |

BEFORE THE COURT is the Parties' Stipulated Motion re: Computer Forensic Review Procedures for Child Pornography Contraband, ECF No. 23. The parties have stipulated to review procedures for child pornography contraband. The Court finds that good cause exists to grant the Motion.

Accordingly, **IT IS HEREBY ORDERED** that the Parties' Stipulated Motion re: Computer Forensic Review Procedures for Child Pornography Contraband, **ECF No. 23**, is **GRANTED**.

**IT IS FURTHER ORDERED**:

1. The defense team shall not make, nor permit to be made, any copies of the child pornography contraband pursuant to this stipulation and order.

ORDER GRANTING MOTION FOR PROTECTIVE ORDER RE: COMPUTER FORENSIC REVIEW PROCEDURES FOR CHILD PORNOGRAPHY CONTRABAND ~ 1

The defense team agrees that it is forbidden from removing any contraband images from the Government reviewing facility. Defense expert will be allowed to compile a report (without contraband images/videos) documenting the examination on removable media if the case dictates.

2. If the defense expert makes any copies of the material contained on the forensic copy containing child pornography, and if there is reasonable suspicion that this protective order has been violated, Homeland Security Investigations ("HIS") has the authority to search defense expert's copy for child pornography images.

3. For purposes of this stipulation and order, the term "defense team" refers solely to Defendant's counsel of record, Mr. Matthew Campbell ("defense counsel"), defense consultant Mr. Derek Reid, and Defendant's designated expert ("defense expert").

4. In order to comply with 18 U.S.C. § 3509(m), and to allow Defendant the greatest opportunity to prepare an effective defense in preparation for trial in this matter, the United States will make a true forensic, bit-by-bit E01 image of devices and media containing alleged child pornography contraband at issue in this case. The United States will make that forensic copy reasonably available to Defendant and provide ample

ORDER GRANTING MOTION FOR PROTECTIVE ORDER RE: COMPUTER FORENSIC REVIEW PROCEDURES FOR CHILD PORNOGRAPHY CONTRABAND ~ 2

opportunity for the defense team to examine it at a government facility in Spokane, Washington.  The parties agree that the following conditions should serve the United States' interest in protecting against further dissemination of said contraband that would be harmful to the victims, while permitting defense counsel an opportunity to prepare an effective defense for trial:

   a. The computer forensic examination of the forensic copy may be conducted at the office of Homeland Security Investigations, 411 W. Cataldo, Spokane, Washington 99210, telephone (509) 329-5135, during regular business hours, Monday through Friday from 8:00 a.m. to 3:00 p.m. (PST).
   b. The parties may readdress the Court if there is need for additional or after-hours access during the course of litigation in the event trial or motion hearings require additional forensic review.
   c. The defense forensic examination will be conducted in an interview room monitored by Closed Circuit (CC) TV, without audio feed.  While the TV with non-audio feed will ensure the integrity of HSI space and security of its occupants, the video feed is not of sufficient detail or at an angle that would reveal defense strategy.

    d. The United States and its agents expressly agree that no attempt will be made to record any audio from the workstation and that no attempt will be made to observe the defense team's work product or computer monitor screen at any time.

    e. The defense expert may review the feed to ensure that defense strategy is not being compromised at any time while conducting the forensic review.

5. The above-described procedures relate solely to the facts and circumstances of this case. An order by the Court in this matter does not constitute a waiver by the United States regarding procedures, generally, for conducting forensic review of child pornography contraband.

6. By entering this stipulation, Defendant does not waive any constitutional challenges to 18 U.S.C. § 3509(m), and an order by the Court in this matter does not constitute a waiver of a defense objection to the constitutionality of 18 U.S.C. § 3509(m).

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** May 31, 2018.

                        *s/ Rosanna Malouf Peterson*
                        ROSANNA MALOUF PETERSON
                        United States District Judge

ORDER GRANTING MOTION FOR PROTECTIVE ORDER RE: COMPUTER FORENSIC REVIEW PROCEDURES FOR CHILD PORNOGRAPHY CONTRABAND ~ 4