| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6 | Joseph H. Harrington<br>United States Attorney<br>Eastern District of Washington<br>David M. Herzog<br>Assistant United States Attorney<br>Post Office Box 1494<br>Spokane, WA 99210-1494<br>Telephone: (509) 353-2767 |

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SEP 0 6 2018

SEAN F. McAVOY, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>         v.<br><br>NORMAN LEE STONE,<br><br>                    Defendant. | | 2:18-CR-00078-RMP  *NLS.*<br><br>INFORMATION SUPERSEDING INDICTMENT<br><br>Vio:  18 U.S.C. § 2252A(a)(2)(A), (b)(1):<br>        Receipt of Child Pornography<br><br>18 U.S.C. § 2253<br>Forfeiture Allegations |

The United States Attorney Charges:

On or before July 3, 2017, in the Eastern District of Washington and elsewhere, the Defendant, NORMAN LEE STONE, did knowingly receive child pornography, as defined in 18 U.S.C. § 2256(8)(A), that had been mailed, shipped and transported in interstate commerce by any means, including by computer, to wit: images depicting minor and prepubescent children engaging in sexually explicit conduct, including but not limited to the lascivious exhibition of the genitals and pubic area, in violation of 18 U.S.C. § 2252(a)(2)(A), (b)(1).

INFORMATION – STONE – RECEIPT OF CHILD PORNOGRAPHY – 1

## NOTICE OF FORFEITURE ALLEGATIONS

The allegations contained in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures.

Pursuant to 18 U.S.C. § 2253, upon conviction of an offense in violation of 18 U.S.C § 2252A(a)(2), (b)(1), as alleged in this Information Superseding Indictment, the Defendant, NORMAN LEE STONE, shall forfeit to the United States of America any visual depiction described in section 2252A of that chapter, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of this chapter; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and, any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses, or any property traceable to such property. The property to be forfeited includes, but is not limited to:

- a 250-gigabyte Western Digital Scorpio Blue internal computer hard drive, S/N: WXD1A91L5654 (made in Thailand);

- a 1-terabyte Western Digital internal computer hard drive, S/N: WMC3F1148672 (made in Malaysia); and,

- a 2-terabyte Samsung internal computer hard drive, S/N: S34FJ90G805744 (made in China).

INFORMATION – STONE – RECEIPT OF CHILD PORNOGRAPHY – 2

If any of the property described above, as a result of any act or omission of the Defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b).

DATED this 14th day of August, 2018.

*[signature]*

David M. Herzog
Assistant United States Attorney

INFORMATION – STONE – RECEIPT OF CHILD PORNOGRAPHY – 3