Joseph H. Harrington
United States Attorney
Eastern District of Washington
David M. Herzog
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NORMAN LEE STONE,<br><br>Defendant. | No. 2:18-CR-00078-RMP-1<br><br>United States' Sentencing Memorandum<br><br>Sentencing Hearing:<br>November 20, 2018, at 11:00 a.m.<br>Spokane, Washington<br><br>Exhibits Filed Contemporaneously Under Seal<br><br>Court:<br>Hon. Rosanna Malouf Peterson<br>United States District Judge |

Plaintiff United States of America, by and through Joseph A. Harrington, United States Attorney for the Eastern District of Washington, and David M. Herzog, Assistant United States Attorney for the Eastern District of Washington, hereby submits the following Sentencing Memorandum with regard to Defendant Norman Lee Stone ("Defendant").

Pursuant to the Rule 11(c)(1)(C) plea agreement in this case (ECF No. 35), the United States recommends the following sentence: five years in custody, twenty years of supervised release, no fine, $7,500 in restitution, and mandatory special assessments of $100 and $5,000.

The United States' sentencing position is based upon the attached memorandum of points and authorities, the under seal exhibits, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: November 13, 2018

Joseph H. Harrington
United States Attorney

*s/ David M. Herzog*
David M. Herzog
Assistant United States Attorney

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  Introduction

On September 6, 2018, pursuant to a Plea Agreement entered into under Federal Rule of Criminal Procedure 11(c)(1)(C), Defendant Norman Lee Stone ("Defendant") pleaded guilty to a single-count Information charging him with Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2).  (ECF Nos. 1, 34, 35.)  The Court accepted Defendant's guilty plea and set the sentencing hearing for November 20, 2018, in Spokane, Washington.  (ECF Nos. 36, 37.)

## II.  Facts

The relevant facts are set forth in the *Factual Basis and Statement of Facts* section of the plea agreement (ECF No. 35, ¶ 6) and the *Offense Conduct* section of the Presentence Report ("PSIR").  (ECF No. 40, 47 ¶¶ 10-15.)  The United States has no objections to the PSIR with regard to its recitation of the facts.

In sum, law enforcement officers used a peer-to-peer software program to download more than 1,000 still images and 37 videos of child pornography from Defendant.  (*Id.*)  Law enforcement officers obtained and executed a search warrant at Defendant's residence, where they recovered electronic devices belonging to Defendant that contained more than 11,500 still images and more than 100 videos of child pornography.  (*Id.*)  Within Defendant's collection were images of child pornography onto which Defendant had superimposed the faces of his minor granddaughter, another girl, and Defendant himself, engaged in sexual acts.  (*Id.*; United States Exhibits 1-18.)

## III. Analysis of the Plea Agreement and Presentence Report

Pursuant to Rule 11(c)(1)(C), the parties agreed that the following sentence is appropriate: five years in custody, twenty years of supervised release, no fine, $7,500 in restitution, a mandatory special assessment of $100, and a special assessment of $5,000. (ECF No. 35, ¶¶ 1, 2, 9, 12, 14.)  For purposes of calculating the appropriate range under the United States Sentencing Guidelines (the "Guidelines"), the United States submits that Defendant's final adjusted offense level is Level 34:

| Offense Level / Enhancement | Level/Adj. | Guidelines Section |
|---|---|---|
| Base Offense Level: Possession of child pornography | 22 | U.S.S.G. § 2G2.2(a)(2) |
| Material involved children who had not attained the age of 12 | +2 | U.S.S.G. § 2G2.2(b)(2) |
| Defendant distributed images | +2 | U.S.S.G. § 2G2.2(b)(3)(F) |
| Material portrayed sadistic or masochistic conduct or other depictions of violence | +4 | U.S.S.G. § 2G2.2(b)(4) |
| Use of a computer | +2 | U.S.S.G. § 2G2.2(b)(6) |
| Conduct involved more than 600 images of child pornography | +5 | U.S.S.G. § 2G2.2(b)(7)(D) |
| Acceptance of Responsibility | -3 | U.S.S.G. § 3E1.1(a), (b) |
| Final Adjusted Offense Level | 34 | |

(ECF No. 35, ¶ 8; ECF No. 40, 47 ¶¶ 23-36; ECF No. 41.)

Defendant did not object to the 2-level enhancement for distribution or the facts in the PSIR giving rise to that enhancement, but the Probation Office removed it from the Second Amended PSIR without lengthy explanation. (ECF Nos. 43, 47 ¶ 25.)  The United States understands that Defendant takes the position that the factual basis does not support a finding that he "knowingly" distributed child pornography as required for the enhancement to apply.  The United States would have proved this element beyond a

reasonable doubt at trial if necessary, but submits that in the context of a Rule 11 plea to five years, which is lower than the Guidelines range with or without the enhancement, the Court need not resolve that issue if the Court imposes sentence consistent with the Plea Agreement. Fed. R. Crim. P. 32(i)(3)(B).

The Probation Officer concluded that Defendant's criminal history computation includes 0 total criminal history points, placing him in Criminal History Category I. (ECF No. 40, ¶ 42.) With the 2-level distribution enhancement, Defendant's Guidelines range would be 151-188 months (Level 34, CHC I); without it, Defendant's Guidelines range would be 121-151 months (Level 32, CHC I). If the Court accepts the Rule 11(c)(1)(C) Plea Agreement, Defendant's sentence will be 60 months, well below either of those sentencing ranges.

## IV. Defendant's Sentencing Position

The United States is puzzled by the Office of the Federal Defender submitting its traditional lengthy boilerplate objections to the relevant Sentencing Guideline section (U.S.S.G. § 2G2.2) in a case in which Defendant's sentence will be driven by the mandatory minimum rather than the Guidelines calculation if the Court accepts the Rule 11 nature of the Plea Agreement. Suffice to say, there is a certain irony in the defense complaining that Section 2G2.2 is not sufficiently tailored to be followed in a particular child pornography case, while reciting national statistics, cases, and studies that have nothing to do with the Defendant before the Court.

Nevertheless, if the defense challenges to Section 2G2.2 are to be believed, what Defendant seeks is exactly what the United States seeks: a sentence tailored to *this* Defendant. To do that, the Court may wish to review the selected images from Defendant's collection that the United States has submitted as under seal exhibits, because they are disturbing and highly specific to *this* Defendant: Defendant's fantasy life includes superimposing images of his granddaughter, other girls, and himself onto other images of child pornography as though they are the people involved in actual sexual conduct with one another. *See* United States' Exhibits 1-18. In short, the United States submits that a five year sentence is warranted by Defendant's conduct.

### V.     The United States' Sentencing Recommendation

In light of the Plea Agreement, Federal Rule of Criminal Procedure 11, the United States Sentencing Guidelines, and the factors set forth at 18 U.S.C. § 3553, the United States respectfully recommends the following sentence: five years in custody, twenty years of supervised release, no fine, $7,500 in restitution, and mandatory special assessments of $100 and $5,000. The United States respectfully submits that such a sentence is appropriate in light of all of the factors set forth at 18 U.S.C. § 3553.

    **A.**    **The Nature and Seriousness of the Offense and Defendant's Respect for the Law**

Defendant's sentence should be significant. His collection included more than 11,500 still images and more than 100 videos of child pornography, and he clearly fantasized about ejaculating onto the face of his own granddaughter. *See* Exhibit 8.

Defendant's child pornography conduct constitutes an ongoing harm to the children depicted in the images he possessed and distributed. Defendant also participated in – and created a market for – additional images of child abuse. As the Supreme Court has recognized, the prevention of sexual exploitation and abuse of children is an "objective of surpassing importance." *New York v. Ferber*, 458 U.S. 747, 756 (1982).

Unsurprisingly, "[t]he legislative judgment as well as the judgment found in the relevant literature, is that the use of children as subjects of pornographic materials is harmful to the physiological, emotional, and mental health of the child." *Id.* at 758. This harm is caused not only by the abusive acts perpetrated during the production of child pornography, but also the enduring record of the abuse:

> [T]he materials produced by child pornographers permanently record the victim's abuse. The pornography's continued existence causes the child victims continuing harm by haunting the children in the years to come. The . . . ban on possession and viewing encourages the possessors of these materials to destroy them. Second, encouraging the destruction of these materials is also desirable because evidence suggests that pedophiles use child pornography to seduce other children into sexual activity.

*Osborne v. Ohio*, 495 U.S. 103, 111 (1990) (citations omitted). A sexually abused child who has been photographed must go through life knowing that these images are circulating within the mass distribution system for child pornography. *Ferber*, 458 U.S. at 758 n.9 & 760 n.10 (discussing harms caused by child pornography). A 5-year sentence is appropriate for Defendant, whose behavior demonstrates an ongoing lack of respect for the norms of society and the sexual sanctity of children, including his own grandchildren.

### B. Defendant's Personal History and Characteristics

Defendant's personal history and characteristics do not absolve him of responsibility for his actions; having no criminal history to speak of does not erase his admitted ongoing sexual interest in children. The United States does not see any significant mitigating factors in this case.

### C. Just Punishment

Defendant's child pornography and child exploitation conduct demands significant punishment, and the only mechanism for creating accountability in this process is the sentence imposed by this Court.

### D. Deterrence

A five-year sentence is necessary to deter Defendant from engaging in additional child exploitation offenses and to deter other people who have sexual interest in children from engaging in similar conduct.

### E. Protection of the Public

Defendant presents a danger to the community. A sentence of five years is necessary because it will protect the girls of Eastern Washington for a significant period.

### F. Avoidance of Unwarranted Sentencing Disparities

Mindful that the Guidelines must be "the starting point and the initial benchmark," *United States v. Carty,* 520 F.3d 984, 991–92 (9th Cir. 2008), the United States submits that a sentence of five years is appropriate in this case. As Defendant notes, other similarly-situated Defendants in this District often receive 60 month sentences.

**G. Fine, Special Penalty Assessment, Restitution, and Forfeiture**

Pursuant to the plea agreement, the United States and Defendant are free to make whatever recommendation concerning the imposition of a criminal fine that they believe is appropriate. (ECF No. 35, ¶ 10). The Probation Officer has analyzed Defendant's financial condition and has concluded that he does not have the financial means, assets, and/or resources available to reasonably make payment on any additional financial obligation imposed by the Court, other than restitution or special penalty assessments. (ECF No. 47, ¶ 67). Accordingly, the United States does not request a fine. The $100 and $5,000 special assessments are mandatory and Defendant has agreed to pay them.

The United States, Defendant, and counsel for the victims have agreed that Defendant will pay $2,500 for each of the three identified victims in this case: "Pia," "Ava," and "Mya" (pseudonyms). The United States and Defendant agree that Defendant will pay $2,500 per victim to attorney Deborah A. Bianco, in trust, as follows:

> Deborah A. Bianco, in trust for "Pia"
> 14535 Bellevue-Redmond Road, Suite 201
> Bellevue, Washington 98007
>
> Deborah A. Bianco, in trust for "Ava"
> 14535 Bellevue-Redmond Road, Suite 201
> Bellevue, Washington 98007
>
> Deborah A. Bianco, in trust for "Mya"
> 14535 Bellevue-Redmond Road, Suite 201
> Bellevue, Washington 98007

A preliminary order of forfeiture has been submitted to the Court. (ECF No. 38.)

## VI. Conclusion

For the foregoing reasons, the United States recommends that the Court apply a total offense level of 34 and conclude that Defendant is in Criminal History Category I, yielding a Sentencing Guidelines range of 151-188 months. Pursuant to the Rule 11 Plea Agreement, the United States recommends a sentence of five years in custody, twenty years of supervised release, no fine, special assessments of $100 and $5,000, and $7,500 in restitution to the identified victims.

Dated: November 13, 2018

                                            Joseph H. Harrington
                                            United States Attorney

                                            *s/ David M. Herzog*
                                            David M. Herzog
                                            Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to Defendant's counsel of record using the CM/ECF system.

*s/ David M. Herzog*
DAVID M. HERZOG
Assistant United States Attorney