FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 25, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> NORMAN STONE, <br><br> Defendant. | NO: 2:18-CR-78-RMP-1 <br><br> ORDER DENYING DEFENDANT'S CONSTRUED MOTION FOR COMPASSIONATE RELEASE |

BEFORE THE COURT is Defendant Norman Stone's construed Motion for Compassionate Release, ECF No. 62. The Court has reviewed Defendant's construed motion, ECF No. 62; a response brief from the Government filed under seal, ECF No. 64; a letter from Defendant, ECF No. 65; and is fully informed.

## BACKGROUND

On September 6, 2018, Defendant plead guilty pursuant to a Rule 11(c)(1)(C) agreement to Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1). ECF Nos. 35, 36. The Court sentenced Mr. Stone to 5 years of imprisonment followed by 20 years of supervised release. ECF No. 59.

ORDER DENYING DEFENDANT'S CONSTRUED MOTION FOR COMPASSIONATE RELEASE ~ 1

Mr. Stone currently is incarcerated at Englewood FCI and his projected release date from the Bureau of Prisons ("BOP") is August 24, 2022.[1]  Mr. Stone is 74 years old and he contracted the COVID-19 virus at an unspecified date prior to January 2021.  ECF No. 62 at 4, 7.

Mr. Stone seeks a reduction to his sentence, or in the alternative, placement on home confinement.  *Id.* at 1.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 35 generally delineates the parameters of a district court's ability to modify a prison sentence once judgment is entered. That provision offers no relief to Defendant.

However, 18 U.S.C. § 3582(c)(1)(A) also reserves an opportunity for a reduced sentence if, after the Court considers the factors under 18 U.S.C. § 3553(a) to the extent that they are applicable, the Court finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by the Sentencing Commission[.]"

The U.S. Sentencing Commission has issued a policy statement recognizing certain circumstances as "extraordinary and compelling reasons" for purposes of

---

[1] *See* Federal Bureau of Prisons, Find an Inmate (June 24, 2021), https://www.bop.gov/inmateloc/ (No. 20955-085).

ORDER DENYING DEFENDANT'S CONSTRUED MOTION FOR
COMPASSIONATE RELEASE ~ 2

compassionate release, so long as "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)":

    (A) Medical Condition of the Defendant.—

        (i) The defendant is suffering from a terminal illness (i.e., a serious physical and advanced illness with an end of life trajectory) ....

        (ii) The defendant is—

            (I) suffering from a serious physical or medical condition,

            (II) suffering from a serious functional or cognitive impairment, or

            (III) experiencing deteriorating physical or mental health because of the aging process, that 'substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.'

    (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

    (C) Family Circumstances—

        (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

  (D) Other Reasons—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13. Section 1B1.13, U.S.S.G., has not been updated since enactment of the First Step Act.

  As recently held by the Ninth Circuit, the current version of U.S.S.G. § 1B1.13 is not an "applicable policy statement[ ]" for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant. *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. Apr. 8, 2021). "In other words, the Sentencing Commission has not yet issued a policy statement 'applicable' to § 3582(c)(1)(A) motions filed by a defendant." *Id*. Nonetheless, "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id*. (citing *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020)). Accordingly, district courts are free to consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).

ORDER DENYING DEFENDANT'S CONSTRUED MOTION FOR COMPASSIONATE RELEASE ~ 4

## DISCUSSION

### A. Exhaustion of Remedies

Following enactment of the First Step Act, a federal prisoner may move for relief under § 3582(c)(1)(A) after the defendant has fully exhausted all administrative rights to appeal the BOP's refusal to bring a motion on his behalf or "after the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Mr. Stone submitted a request for a reduction in sentence to the warden at Englewood FCI based on concerns about COVID-19. ECF No. 62 at 11. The warden denied the request on April 23, 2020. *Id.* Mr. Stone's administrative appeal of the warden's denial of relief was rejected as untimely. *Id.* at 16.

Under these circumstances, where Defendant failed to timely appeal the warden's denial of relief, "the United States does not concede that Defendant has properly exhausted, but will nevertheless oppose Defendant's motion as though he has successfully exhausted his administrative remedies." ECF No. 64 at 7.

Even if Defendant had successfully exhausted his administrative remedies, the Court finds, for the reasons set forth below, that Mr. Stone is not entitled to relief on the merits of his request.

### B. Extraordinary and Compelling Circumstances

A court may reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here,

that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

In light of the Ninth Circuit's decision, the current version of U.S.S.G. § 1B1.13 is not currently an "applicable" policy statement for § 3582(c)(1)(A) motions filed by a defendant; thus, the Court is not bound by U.S.S.G. § 1B1.13 in determining what constitutes "extraordinary and compelling reasons" in ruling on Defendant's motion. *Aruda*, 993 F.3d at 802; *see also* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."). However, U.S.S.G. § 1B1.13 may nonetheless inform the Court's discretion. *Id*.

Mr. Stone requests relief "due to the high-risk COVID-19 has on [his] life." ECF No. 62 at 6. Defendant contracted COVID-19 on an unspecified date prior to January 2021, and claims that he is in a "weakened condition due to fighting the virus the first-time around." ECF No. 62 at 7. Mr. Stone does not identify any pre-existing conditions identified by the Centers for Disease Control ("CDC") as causing an increased risk of severe illness from COVID-19 aside from his advanced age. *See id.*; *see also United States v. Malcolm*, NO. 2:13-CR-0124-TOR-1, 2021 WL 1138097, at *2 (E.D. Wash. March 24, 2021) (finding no "extraordinary and compelling reasons" where Defendant suffered from obesity, diabetes, and asthma and was hospitalized for 10 days after testing positive for

ORDER DENYING DEFENDANT'S CONSTRUED MOTION FOR COMPASSIONATE RELEASE ~ 6

COVID-19). Mr. Stone also does not identify with specificity any serious conditions or changes in his health resulting from him contracting COVID-19. *See* ECF No. 62.

Although it is unfortunate that Defendant contracted the virus, "the COVID-19 pandemic is not by itself an extraordinary and compelling reason to grant relief." *United States v. Briggs*, No. 2:07-CR-2063-LRS-1, 2020 WL 7265850, at *3 (E.D. Wash. Dec. 10, 2020); *see also United States v. Raia*, 954 F.3d 594, 597 (3d. Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Furthermore, the COVID-19 vaccine has becoming increasingly available. As of June 24, 2021, the BOP has administered 197,206 doses of the COVID-19 vaccine.[2]

In conclusion, the Court finds that Defendant has failed to present "extraordinary and compelling circumstances" justifying relief.

**C. Section 3553(a) Factors**

The Court further considers the factors set forth in 18 U.S.C. § 3553(a) and finds that the factors weigh heavily against compassionate release for Defendant, especially "the nature and circumstances of the offense" and "the need for the

---

[2] https://www.bop.gov/coronavirus/index.jsp (accessed June 24, 2021).

ORDER DENYING DEFENDANT'S CONSTRUED MOTION FOR COMPASSIONATE RELEASE ~ 7

sentence imposed to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1), (2)(C). Furthermore, in exercising its discretion and for the purposes of this motion, the Court agrees with U.S.S.G. 1B1.13's guidance that a defendant who presents a danger to the community should not be granted compassionate release. *See United States v. Kelley*, Case No. 15-cr-00444-CRB-2, 2021 WL 2322467, at *2 (N.D. Cal. June 7, 2021); *see also* U.S.S.G. § 1B1.13 (citing 8 U.S.C. § 3142(g)).

Section 3553(a) instructs courts to impose a sentence "sufficient, but not greater than necessary" to accomplish the goals of sentencing. 18 U.S.C. § 3553(a). The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense and to protect the public from further crimes of the defendant; (3) the kinds of sentences available; (4) the kinds of sentences and the sentencing range established by the Sentencing Guidelines; (5) pertinent policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities among defendants who have similar criminal records and have been found guilty of similar conduct; and (7) the need to provide restitution to victims.

In determining whether or not a defendant is a danger to the safety of any other person or to the community, 18 U.S.C. § 3142(g) directs the court to consider the following factors: (1) the nature and circumstances of the offense charged,

including whether the offense involves a minor victim; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Defendant describes himself as a "family man" who "had no idea what I was doing was a federal crime." ECF No. 62 at 8. In response to the Government's contention that Defendant continues to be a danger to the community, ECF No. 64 at 10, Mr. Stone asserts that this is an "accusatory assumption." ECF No. 65. He further states: "I don't know of anyone I have harmed or endangered by my conduct." *Id.*

Mr. Stone needs to be reminded of the evidence of the case, and the particularly egregious nature of the offense. Mr. Stone possessed thousands of pornographic images and hundreds of videos depicting children. ECF No. 47 at 5. Additionally, pornographic images were discovered in which Mr. Stone had superimposed a family member's face onto the image of the victim and his own face onto the image of the perpetrator. *Id.* This was not a victimless crime and it is disturbing to the Court that Mr. Stone would imply otherwise by stating that he does not know of anyone who he has harmed or endangered by his conduct. ECF No. 65. Although Defendant claims that he "had no idea what [he] was doing was a federal crime," ECF No. 62 at 8, it was a crime that the Court considers

particularly deplorable and which inflicted long lasting harm beyond what the Defendant apparently comprehends.

The Court finds that five years of incarceration is "sufficient but no greater than necessary" given the nature and circumstances of the offense and the need to protect the public from further crimes of the Defendant. *See* 18 U.S.C. § 3553(a)(1), (2)(C). In further considering the factors set forth in 18 U.S.C. § 3142(g), the Court agrees with the Government that the Defendant continues to pose a danger to the community, specifically with respect to minors, including his own grandchildren.

Accordingly, **IT IS HEREBY ORDERED**: Defendant's Construed Motion for Compassionate Release, **ECF No. 62**, is **DENIED WITH PREJUDICE**.

**IT IS SO ORDERED.** The District Court Clerk is directed to enter this Order and provide copies to counsel and Defendant.

**DATED** June 25, 2021,

          *s/ Rosanna Malouf Peterson*
        ROSANNA MALOUF PETERSON
         United States District Judge