PROB 12C
(6/16)

Report Date: September 8, 2025

# United States District Court

### for the

### Eastern District of Washington

### Petition for Warrant or Summons for Offender Under Supervision

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 08, 2025

SEAN F. McAVOY, CLERK

ECF No. 71

Name of Offender: Norman Stone                     Case Number: 0980 2:18CR00078-RLP-1

Address of Offender: ███████████████ Spokane, Washington 99205

Name of Sentencing Judicial Officer:  The Honorable Rosanna Malouf Peterson, Senior U. S. District Judge
Name of Supervising Judicial Officer:  The Honorable Rebecca L. Pennell, U.S. District Judge

Date of Original Sentence: November 20, 2018

Original Offense:      Receipt of Child Pornography, 18 U.S.C. § 2252A(a)(2)(A), (b)(1)

Original Sentence:     Prison - 60 months               Type of Supervision: Supervised Release
                       TSR - 240 months

Asst. U.S. Attorney:   David Michael Herzog            Date Supervision Commenced: August 24, 2022

Defense Attorney:      Federal Defender's Office       Date Supervision Expires: August 23, 2042

## PETITIONING THE COURT

To issue a **warrant**.

On August 24, 2022, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Stone, as outlined in the judgment and sentence. He signed the judgment acknowledging the requirements.

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1 | **Special Condition #12**: You are prohibited from possessing or manufacturing any material, including videos, magazines, photographs, computer-generated depictions, or any other media that depict sexually explicit conduct involving children or adults, as defined at 18 U.S.C. § 2256(2). You must not enter any establishment involved in the sex industry, including but not limited to adult bookstores, massage parlors, and strip clubs. You must not utilize any sex-related adult telephone numbers. The supervising officer is authorized to monitor compliance in this area by obtaining relative records including but not limited to telephone, Internet, credit cards and bank statements. |
| | **Supporting Evidence**: On or about August 4, 2025, Norman Stone allegedly violated special condition number 12 by possessing sexually explicit photographs. |
| | On August 4, 2025, the assigned probation officer received a "questionable activity report" from Accountable2You (A2Y).  According to that report, at approximately 11:11 a.m. on August 4, 2025, a series of concerning activity was identified, to include artificial |

intelligence (AI) pornography. The activity included: "Fucking Gigantic Cock, Side View, Getting Fucked Sideways AI Porn;" "Naked Ladies & Hot Nude Sex Pics Galleries, nudesexphotos;" and "Create AI adult images for free." In response to that report, Mr. Stone was contacted and an appointment to meet with this officer was scheduled for August 7, 2025.

On August 7, 2025, the offender reported for his appointment and was confronted with the questionable activity report that had been received from A2Y. Mr. Stone insisted he had nothing to do with that online activity, even suggesting that his phone had been "hacked," although he had never previously mentioned that.

Upon speaking with Mr. Stone further, he ultimately admitted he had in fact viewed sexually explicit content online. He was although hesitant to be fully forthcoming with this officer about the nature of his online activity, so his cell phone was collected for further inspection; the offender consented to a search of his cellular phone, and signed a consent to search form as confirmation of his consent.

2   **Standard Condition #12**: You are prohibited from possessing or manufacturing any material, including videos, magazines, photographs, computer-generated depictions, or any other media that depict sexually explicit conduct involving children or adults, as defined at 18 U.S.C. § 2256(2). You must not enter any establishment involved in the sex industry, including but not limited to adult bookstores, massage parlors, and strip clubs. You must not utilize any sex-related adult telephone numbers. The supervising officer is authorized to monitor compliance in this area by obtaining relative records including but not limited to telephone, Internet, credit cards and bank statements.

**Supporting Evidence**: From approximately May to August 2025, Norman Stone allegedly violated special condition number 12 by possessing sexually explicit photographs of both adults and children.

On September 4, 2025, this officer received the "digital evidence examination report" (DEER), which details the result of the forensic search that had been conducted of Mr. Stone's cell phone. According to that report, the offender had approximately 46 websites book-marked, which allows the user to quickly and easily return to the website in the future. The website titles included: "Mini Virgins - virgin teen pussy photos of hot ass beautiful teen girls in sexy panties;" "On-line IncestArt Club;" "3d Young-3d young Amanda and dad going at it;" and "#toddler 3d Pictures, Comics on pixiv, Japan."

Later that same date, on September 4, 2025, the offender reported to the U.S. Probation Office as instructed by the undersigned. When informed that there were a number of problematic websites identified during the forensic search of his phone, he responded "I wouldn't put it past me."

Once again, the offender was initially unwilling to be fully forthcoming about why these websites were saved to his Safari account. He subsequently admitted to having viewed both child and adult pornography for approximately 3 to 4 months. Mr. Stone stated that the unlawful images he viewed were "of young girls," which is consistent with the demographic of interest in the underlying federal offense.

Prob12C
**Re: Stone, Norman**
**September 8, 2025**
**Page 3**

| | | |
|---|---|---|
| 3 | | **Special Condition #21**: You must not possess and/or use computers, other electronic communications or data storage devices or media, that can receive, store, or otherwise possess materials with depictions of "sexually explicit conduct" (as defined by 18 U.S.C. § 2256(2)) involving children, or "actual sexually explicit conduct" (as defined by 18 U.S.C. § 2257(h)(1)) involving adults. Except that you may, with the advance approval of the probation officer, use a computer in connection with authorized employment. |

**Supporting Evidence**: From approximately May 2025 to August 2025, Norman Stone allegedly violated special condition 21 by utilizing a "virtual machine" which did not have monitoring software installed.

During the office visit on September 4, 2025, the offender admitted to accessing sexually explicit content online for months. Because he had reportedly been using an electronic device with the A2Y monitoring software installed, this officer probed further into how he was accessing said content. Mr. Stone ultimately admitted to the use of a "virtual machine," which is essentially a computer within a computer that behaves like a separate computer system.

It should be noted, Mr. Stone had not requested nor received authorization to possess or use a "virtual machine."

| | | |
|---|---|---|
| 4 | | **Special Condition #22**: You must allow the probation officer to install monitoring software on any of the following used by you: computers, other electronic communications or data storage devices or media, that can receive, store, or otherwise possess materials with depictions of "sexually explicit conduct" (as defined by 18 U.S.C. § 2256(2)) involving children, or "actual sexually explicit conduct" (as defined by 18 U.S.C. § 2257(h)(1)) involving adults. |

**Supporting Evidence**: From approximately May to August 2025, Norman Stone allegedly violated special condition 21 by utilizing a "virtual machine" which did not have monitoring software installed.

During the office visit on September 4, 2025, the offender admitted to accessing sexually explicit content online for months. Because he had reportedly been using an electronic device with the A2Y monitoring software installed, this officer probed further into how he was accessing said content. Mr. Stone ultimately admitted to the use of a "virtual machine," which is essentially a computer within a computer that behaves like a separate computer system; he confirmed that the virtual machine did not have A2Y installed.

| | | |
|---|---|---|
| 5 | | **Special Condition #9**: You must allow the probation officer, or designee, to conduct random inspections, including retrieval and copying of data from any computer, or any personal computing device that you possess or have access to, including any internal or external peripherals. This may require temporary removal of the equipment for a more thorough inspection. You must not possess or use any public or private data encryption technique or program. You must purchase and use such hardware and software systems that monitor your computer usage, if directed by the supervising officer. |

**Supporting Evidence**: From approximately May to August 2025, Norman Stone allegedly violated special condition number 9 by utilizing a "virtual machine," a technique that allows the user to circumvent the computer monitoring software.

Prob12C
**Re: Stone, Norman**
**September 8, 2025**
**Page 4**

> During the office visit on September 4, 2025, the offender admitted to accessing sexually explicit content online for months. Mr. Stone ultimately admitted to the use of a "virtual machine," which allows the user to circumvent the computer monitoring software utilized to monitor his Internet usage.

6   **Mandatory Condition #1**: You must not commit another federal, state or local crime.

> **Supporting Evidence**: From approximately May to August 2025, Norman Stone allegedly committed a new federal crime by viewing and saving child pornography.
>
> During the office visit on September 4, 2025, the offender admitted to accessing sexually explicit content online for months, to include images involving children. This officer did although note that during that meeting, Mr. Stone insisted on multiple occasions he had not been viewing said content on his cell phone.
>
> Shortly after that office visit concluded, on September 4, 2025, this officer recalled that the offender had a personal computer (PC) at his residence. Concerned that he had been searching for and viewing sexually explicit content with that computer device, officers with the U.S. Probation Office subsequently made contact with Mr. Stone at his residence to conduct a search of his residence later that same date, on September 4, 2025.
>
> During that search, the offender's PC (which is a desktop tower) was located and it appeared to be in the process of being disassembled. While Mr. Stone claimed he had removed the tower's cover because it would overheat while he gamed online, this officer does not recall that being the case during previous home visits.
>
> While the offender's PC was being confiscated, Mr. Stone was directly asked if he had been viewing child pornography with that computer device, and he confirmed he had. Ultimately, Mr. Stone admitted that he had even saved sexually explicit images of children on that device, but stated he had begun deleting those images approximately 2 weeks prior, which coincides with the date on his which his cell phone was confiscated.

The U.S. Probation Office respectfully recommends the Court issue a **warrant** requiring the offender to appear to answer to the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   09/08/2025

s/Amber M.K. Andrade

Amber M.K. Andrade
U.S. Probation Officer

Prob12C
**Re: Stone, Norman**
**September 8, 2025**
**Page 5**

THE COURT ORDERS

[ ]  No Action
[x]  The Issuance of a Warrant
[ ]  The Issuance of a Summons
[ ]  The incorporation of the violations contained in this petition with the other violations pending before the Court.
[ ]  Defendant to appear before the Judge assigned to the case.
[x]  Defendant to appear before the Magistrate Judge.
[ ]  Other

Signature of Judicial Officer

September 8, 2025

Date